```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 09-23495-Civ-GOLD
                                            (08-20610-Cr-GOLD)
                                    MAGISTRATE JUDGE P. A. WHITE
MONICA BROWN,
a/k/a Antoinette Rhoden         :

        Movant,                 :

v.                              :           REPORT OF
                                            MAGISTRATE JUDGE
UNITED STATES OF AMERICA,       :

        Respondent.             :
_____
```

## INTRODUCTION

This Cause is before the Court upon Movant Monica Brown's <u>pro se</u> motion to vacate pursuant to 28 U.S.C. §2255 (Cv:DE1) [initially submitted as a motion to modify sentence], attacking her 12/5/08 conviction and sentence on Count 7 of a 9-Count Indictment [knowingly possessing and using, without lawful authority, a means of identification of another person, in violation of 18 U.S.C. §1028A]. The conviction and sentence were imposed after Brown entered into a plea agreement with the government, and plead guilty on 9/9/2008 to two counts of the 9-Count Indictment [Counts 6 and 7], in Case 08-20610-Cr-GOLD. Brown was sentenced on December 5, 2008.

As discussed below, Brown's attack on her conviction and sentence for violation of 18 U.S.C. §1028A is based on the May 4, 2009 Supreme Court decision in <u>Flores-Figueroa</u>, 556 U.S. ___, 129 S.Ct. 1886, 1894, 173 L.Ed.2d 853 (2009), holding that "[§]1028A(a)(1) requires the Government to show that the defendant knew that the means of identification at issue belonged to another person."

The Initial Order of Instructions in this case [Cv:DE3, ¶3] admonished Brown that upon any change in her address she is required to <u>promptly</u> file a "Notice of Change of Address" apprising the Court of her whereabouts. Brown has filed no such Notice in either this civil case [opened for the §2255 proceeding] or her underlying federal criminal case. The *Inmate Locator* on the Federal BOP website

[at www.BOP.gov] reveals that Brown was released on 5/7/2010. Brown's address of record on the docket in this case, and the docket in her underlying criminal case, remains FCI Danbury, Danbury, CT. Because Brown's sentence includes two concurrent 1-year periods of supervised release, she remains "in custody." See Balik v. U.S. 151 F.3d 1341 (11th Cir. 1998) (restraints short of imprisonment which qualify as being "in custody" include, probation, parole, supervised release, and being released on bail or one's own recognizance). If a defendant is released from custody during pendency of a §2255 motion that does not make the case moot or divest a court of jurisdiction to hear the case. See U.S. v. Brown, 117 F.3d 471 (11th Cir. 1997). Therefore, although it is possible that Brown may have abandoned this case, her claim will be addressed on the merits, and her copy of this Report will be mailed to her attention at FCI Danbury, which remains her last known address of record.

The Court has for its consideration Movant Brown's motion to vacate (Cv:DE1); the government's Response to Order to Show Cause (Cv:DE7) with Attachments: Ex.A, the transcript of Brown's 9/9/08 Plea Colloquy (Cv:DE7-1), Ex.B, the 2007 version of Florida Statute §322.08 stating requirements for "Application for License" [Effective 10/1/06 to 6/30/08], and Ex.C., a current version of F.S. §322.08 [Effective 11/1/09], and the PSIR prepared for Brown's 9/9/08 sentencing. The Court also has for its consideration relevant portions of the record in the criminal case, including but not limited to: the criminal complaint and supporting affidavit of ICE Agent Gimble (CR:DE1); the Indictment (Cr:DE9); the 9/9/08 Plea Agreement (Cr:DE18); the transcript of the 9/9/08 Plea Colloquy (Cr:DE31); a transcript of the 12/5/08 Sentencing Hearing (Cr:DE32); the 12/8/08 Judgment (Cr:21); copies of Brown's 9/1/2009 Motion to Modify Judgment and/or Sentence (Cr:DEs 22, 27); the Court's 1/13/09 Order notifying Brown of its intent to re-characterize the motion as a §2255 motion (Cr:DE25); the Court's 11/14/09 Order Re-Characterizing it (Cr:DE26); and Brown's undated Motion for Re-

characterization docketed 11/19/09 (Cr:DE29).

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts.

## **DISCUSSION**

Brown was named as the sole defendant in a 9-Count grand jury indictment on July 1, 2008 (Cr:DE9). The charges included: falsely and wilfully representing herself to be a U.S. citizen, in violation of 18 U.S.C. §911 [Count 6]; and knowingly possessing and using, without lawful authority, a means of identification of another person, in violation of 18 U.S.C. §1028A(a)(1) [Count 7].

On September 9, 2008, Brown entered into a plea agreement, which included an appeal waiver (Cr:DE18), and the same day plead guilty to the two above-referenced counts [Counts 6 and 7] in exchange for the government's agreement to dismiss Counts 1-5 and 8-9 after sentencing (Cv:DE7-1, Cr:DE31). On December 8, 2008, the Court sentenced Brown to a term of 26 months' imprisonment [2 months as to Count 6, and 24 months as to Count 7, to be served consecutively], followed by 1 year of supervised release [1 year terms on Counts 6 and 7, to be served concurrently] (Cr:DEs 21, 32).

After the filing of her 9/1/09 motion to modify sentence based on the Flores-Fiqueroa decision (Cr:DE22), and the Court's recharacterization of the motion as a §2255 motion, which Brown did not modify or amend despite notice of her right do so, this civil case was opened for consideration of the §2255 motion (Cv:DE1).

In Flores-Fiqueroa, the Supreme Court construed the knowledge

element of the aggravated identity theft statute, 18 U.S.C. §1028A.[1] The Court held that in order to establish a violation of §1028A, the government must show that the defendant knew that the means of identification which was used by the defendant belonged to another person. Flores-Figueroa, supra, 129 S.Ct. at 1888, 1894. In other words, mere proof that the means of identification used by a defendant [such as a social security number or resident alien card] was assigned to an actual person is in itself insufficient to establish a violation of §1028A. The Supreme Court further found that the term "knowingly" in §1028A(a)(1) applies to each of the subsequent elements of the statute as a matter of ordinary English usage. Id. at 1890-94. As such, the Supreme Court's ruling in Flores-Figueroa constituted a narrowing of the statute as previously construed by the Eleventh Circuit's decision in United States v. Hurtado, 508 F.3d 603 (11th Cir. 2007). Thus, Flores-Figueroa applies retroactively to cases on collateral review. Bousley v. United States, 523 U.S. 614, 620-21 (1998).

As noted by the government in its Response in this case (Cv:DE7), to which the Movant Brown filed no Reply, ordinarily, when a claimant fails to assert a claim on direct review [in Brown's case no direct appeal was filed] the claimant is deemed to have committed a procedural default. Massaro v. United States, 538 U.S. 500, 504 (2003); United States v. Frady, 456 U.S. 152, 164-68 (1982); Lynn v. United States, 365 F.3d 1225, 1234 (11 Cir. 2004). Exception to the rule exists [allowing collateral review] if the movant can demonstrate cause for the failure to raise the claim earlier, as well as actual prejudice resulting from the alleged error. See Bousley, supra, 523 U.S. at 622; Frady, supra, 456 U.S. at 167-68. The prejudice prong requires the claimant/movant to demonstrate "actual innocence." Bousley, supra, 523 U.S. at 622. "To establish

---

[1] Section 1028A provides a mandatory term of two years in prison for a defendant who "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." 18 U.S.C. §1028A.

actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley, 523 U.S. at 623 (quoting Schlup v Delo, 513 U.S. 298, 327-28 (1995)). The Court clarified that "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. The Court concluded, "[I]f, on remand, petitioner can make that showing, he will then be entitled to have his defaulted claim of an unintelligent plea considered on its merits." Id. at 624.

To establish a violation of 1028A(a)(1), "the government must prove that the defendant: (1) knowingly transferred, possessed, or used; (2) the means of identification of another person; (3) without lawful authority; (4) during and in relation to a felony enumerated in 1028A(c)." United States v. Hurtado, 508 F.3d 603, 606-07 (11 Cir. 2007) (footnote omitted), *abrogated on other grounds* by Flores-Fiqueroa, 556 U.S. ____, 129 S.Ct. 1886. In Flores-Fiqueroa, the Supreme Court held that "1028A(a)(1) requires the Government to show that the defendant knew that the means of identification at issue belonged to another person." 556 U.S. at ----, 129 S.Ct. at 1894.

The government "is not limited to the existing record to rebut any showing [the claimant/movant] might make," and can "present any admissible evidence of [the claimant/movant's] guilt even if that evidence was not presented during [the claimant's] plea colloquy." Bousley, supra, at 624.

In this case, facts reflected in the ICE agent's Affidavit (Cr:DE1) were proffered by the government at Brown's change of plea hearing, which Brown admitted/stipulated were true. The transcript reads, as follows, *verbatim*:

    **Court:**    At this time, may I have a factual basis, please as to the two counts at issue?

**AUSA:**     Certainly, Your Honor.

Had this matter proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

On August 22nd, 2007, Immigration and Customs Enforcement agents encounters the defendant in Miami-Dade County, Florida. At that time defendant handed ICE agents a Florida driver's license bearing the name CMC, Social Security Number ending 1893, and a date of birth in May 1970.

Before agents were able to conduct a records check of the name provided by the defendant, she fled the scene leaving behind her driver's license.

The next day, August 23rd, 2007, the defendant presented herself to the Florida Department of Highway Safety and Motor Vehicles in Miami-Dade County and applied for a duplicate driver's license. At that time the defendant attested that her name was CMC, her Social Security Number ended in 1893, and her date of birth was in May 1970; that she was born in Louisiana; that she was a citizen of the United States.

In support of her signed application, the defendant presented a fraudulently obtained Florida Identification Card in the name of CMC, Social Security Number ending in 1893, and a date of birth of May 1970. On that date, the defendant was issued a duplicate driver's license.

On May 29, 2008, in the Southern District of Florida, ICE agents again encountered the defendant. At that time the defendant was detained as agents had previously determined that the defendant was not CMC but was, in fact, Monica Brown, a/k/a Antoinette Rhoden, born in Kingston, Jamaica, a citizen thereof, and was unlawfully present in the United States.

Subsequent investigation revealed that CMC, born in May 1970, is an actual person who had been assigned by the Commissioner of the Social Security Administration the Social Security Number ending 1893. furthermore, CMC does not know the defendant nor authorized the defendant to use her name, date of birth or Social Security Number to obtain a driver's license or for any other purpose.

These are the facts, Your Honor, we would have proven

    beyond a reasonable doubt at trial.

**Court:** Thank you.

**BY THE COURT:** [Addressing the defendant Monica Brown]

**Q:** So you have heard what has been stated. Do you agree it's an accurate statement of what happened in this matter to your knowledge?

**A:** Yes Sir.

**Court:** Mr. Korchin, you're satisfied your client understands her rights and what she's giving up today; that she understands her appellate waiver, and there's been a sufficient statement of a factual basis?

**Counsel:** Yes, Your Honor.

**BY THE COURT:**

**Q:** Are you, Ma'am, satisfied with your attorney and his advice and representation?

**A:** Yes, I am.

**Q:** Do you have any questions about anything we've discussed before I proceed further?

**A:** No.

**Q:** Having made your representations, I ask you one more time how you plead to the charges made against you in Counts 6 and 7 of the Indictment, guilty or not guilty?

**A:** Guilty.

(Plea Transcript, Cr:DE31, T/12-14; Cv:DE7-1, pp.13-15).

  In this case, the government argues, persuasively, that what Movant Brown stipulated is *circumstantial evidence* that she knew she was using the identity of an actual person. The facts admitted to by Brown show that she used the name C.M.C., the Social Security Number "xxxx-xx-1893," and the Date of Birth "May xx, 1970," in

7

conjunction with each other, three times: once to obtain a Florida ID card, and twice to obtain Florida Driver's Licenses. (Id., T/12-14). Movant Brown also stipulated that "C.M.C.," born "May xx, 1970," is a real person assigned Social Security Number "xxxx-xx-1893," and that she was not authorized to use the name, DOB, or SSN to obtain a Driver's License or for any other purpose.

Moreover, as noted supra, in this §2255 proceeding the government further submits as evidence a copy of Florida Statute §322.08, captioned **"Application for license,"** which establishes that the Florida Department of Motor Vehicles in 2007 [at the time of the events forming the basis for the offenses with which Brown was charged] required documentation satisfactory to the department to show, *inter alia*: 1) proof of identity [such as a birth certificate, passport, etc.]; 2) proof of birth date; and 3) Social Security Number, (See Cv:DE7-1, Ex.B) and that the same is required today. (Id., Ex.C).

Here, it is clear from the record that Movant Brown would be unable to satisfy the requirement of demonstrating actual innocence.

It is apparent, based on the facts of this case, that a rational fact-finder, relying on facts stipulated/admitted by Movant Brown, as well as circumstantial evidence, could reasonably infer, under the circumstances, that Brown knew that the name CMC, SSN ending in 1893, and the DOB in May xx, 1970, documentation of which she was required to provide to the Florida DMV in order to obtain a Driver's License, belonged an actual person. This is because submitting documents relating to a fictitious or non-existent person to a government agency, that routinely cross-references forms of identification, would otherwise simply create too great a risk of discovery and/or arrest. (As the government has argued in its Response to Order to Show Cause, Brown sought to obtain a benefit in CMC's name under circumstances that would make little sense if

the information used by Brown belonged to no one else).

In the context of Section 1028A convictions, the Eleventh Circuit has held, Post-Flores-Figueroa, that the government can rely on circumstantial evidence about misuse of a victim's identity to prove that the offender *knew* the identity they used belonged to a real person. See United States v. Ehrlich, No. 09-16343, 2010 WL 2508898, at *3 (11 Cir. June 23, 2010) (citing United States v. Holmes, 595 F.3d 1255 (11 Cir. 2010); and United States v. Gomez-Castro, 605 F.3d 1245(11 Cir. 2010)).

The Holmes case involved use of a real person's identity to obtain a driver's license.  In Gomez-Castro, supra, 605 F.3d at 1249, the Eleventh Circuit clarified that "[Holmes] establishes that the government can rely on circumstantial evidence about an offender's misuse of a victim's identity to prove the offender knew the identity belonged to a real person."

For purposes of this case brought by Movant Brown, which involved use of use of a Name, DOB and SSN to obtain a Florida Driver's License, the facts of Gomez-Castro are instructive.  In that case, defendant Gomez-Castro, who earlier had been forcibly removed from the United States, attempted to re-enter the US using a passport bearing the name Collazo. Gomez-Castro had obtained the passport using a Birth Certificate and Social Security Card bearing Collazo's name. The Court found that circumstantial evidence [that authenticity of the DOB and SSN had been tested when Gomez-Castro had earlier used them to obtain a Driver's License, and other documents including the passport] supported a finding that Gomez-Castro knew the Callazo identity belonged to a real person when she later presented the passport to the border officer. In affirming Gomez-Castro's conviction for a §1028A violation, the Eleventh Circuit,  noted that in United States v. Holmes it had found that a reasonable jury could have found that defendant Holmes knew at

9

least that the federal and state governments routinely obtain an applicant's identity to verify the authenticity of the identity used. In so concluding, the Gomez-Castro Court further noted that reasonable jurors are not presumed ignorant of what others know, and that they may rely upon matters in their general knowledge. The Court concluded, therefore, that even if the government did not present evidence about the verification processes used by the state and federal governments, a rational trier of fact could have found that Gomez-Castro knew at least that the New York and federal governments obtained proof of an applicant's identity to verify that identity; and drawing reasonable inferences in favor of the government, a rational trier of fact could have found beyond a reasonable doubt that Gomez-Castro knew the identity belonged to a real person when she presented the passport to gain entry into the United States.

Here, in Movant Brown's case, where Brown first used the CMC Name, and corresponding SSN and DOB, she obtained a Florida ID card. This, like the situation in Gomez-Castro, can be deemed circumstantial evidence of a test of the validity/authenticity of the information/identity used by Brown.

Brown thereafter used the same identity, based on the same Name, DOB and SSN, to obtain a Florida Driver's License, and then later to obtain a duplicate Florida Driver's License [on August 23, 2007] after she had fled and left behind the first licence following an encounter with ICE agents [on August 22, 2007].

In this case, the government has offered evidence, circumstantial, and otherwise, to show that the defendant Brown knew that the identity she used ["CMC"] belonged to a real person. The government/Respondent has demonstrated, through the facts proffered and admitted to by defendant/Movant Brown at the Plea Colloquy, and through evidence of the statutory requirements demanded by the

Florida DMV to issue a Florida Driver's License, that: it is more likely than not that a reasonable juror would have convicted Brown under §1028A, based on the reasonable juror's reasonable inferences that Brown at least knew that State agencies in issuing State IDs and Driver's Licenses engage in verification with regard to identities used to obtain State documents based on a Name and supporting identifiers such as Date of Birth and Social Security Number; and that Brown therefore knew the identity CAC was that of a real person, whose name, DOB and SSN she was using, without authorization, to obtain state-issued documents based on that identity, for purposes of identification and permission to drive in Florida.

As such, it is apparent that Brown could not/cannot satisfy the prejudice prong/actual innocence requirement necessary to overcome the procedural default barring review of her claim on the merits.

## CONCLUSION

It is therefore recommended that the Movant Brown's Motion to Vacate pursuant to 28 U.S.C. §2255 be DENIED, and this case be closed.

Objections to this report may be filed with the District Judge within Fourteen days of receipt of a copy of the report.

Dated: August 24<u>th</u>, 2010.

_____
UNITED STATES DISTRICT JUDGE

cc: Monica Brown, *Pro Se*
    Reg. No. 80632-004
    FCI Danbury
    Route 37
    Danbury, CT 06811
    (Last Address of Record)

11

```
Dustin M. Davis, AUSA
United States Attorney's Office
99 N.E. 4th Street
Miami, FL 33132


The Honorable Alan S. Gold,
United States District Judge
```